UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NICOLE WATTS,
     Petitioner,

vs.                                     Case No.:  4:21cv221/MW/EMT

FLORIDA COMMISSION ON
OFFENDER REVIEW,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Nicole Watts (Watts) filed a habeas petition under 28 U.S.C. § 2254 (ECF No. 1).  The Florida Commission on Offender Review (FCOR)  filed an answer and attached portions of the record of the underlying state criminal proceedings and FCOR proceedings (ECF Nos. 5, 5-1).  Watts filed a reply and "secondary" reply (ECF Nos. 8, 10).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C) and Fed. R. Civ. P. 72(b).  After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is

further the opinion of the undersigned that Watts is not entitled to federal habeas relief.

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the record submitted by the FCOR (*see* ECF No. 5-1) as supplemented by the court with two state court judgments attached to this Report and Recommendation.[1]

On August 3, 2010, Watts was convicted in the Circuit Court in and for Duval County, Florida, Case No. 2010-CF-001456, of one count of grand theft (Count 1) and one count of resisting while committing theft, transit fare evasion, or trespass (Count 2) (ECF No. 5-1 at 4–10 (judgment)).  The state court adjudicated Watts a habitual felony offender and sentenced her to concurrent terms of 10 years in prison with 89 days of jail credit (*id.*).  The court suspended Watts' prison sentences subject to her successful completion of 2 years of probation (*id.*).  On September 30, 2011,

---

[1]    In Watts' reply briefs, she accuses the FCOR of deceiving the court by attaching a "forged" copy of one of the state court judgments (*see* ECF No. 8 at 2–3; ECF No. 10 at 2–3, 7).  The court attaches a complete copy of that judgment as well as copies of two additional relevant judgments obtained from the state court's online docket.  Watts is hereby advised that if she disputes the accuracy of the facts taken from the attached state court judgments, or if she otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, she must do so in an objection to this Report and Recommendation.  *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of facts from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

the court revoked Watts' probation, adjudicated her a habitual felony offender, and sentenced her to 10 years in prison on Count 1 with jail credit of 8 months and 150 days (*see* attached VOP judgment rendered September 30, 2011). On Count 2, the court essentially sentenced Watts to time served (i.e., one year in jail with one year of jail credit) (*id.*).

Also on September 30, 2011, Watts was convicted of new law violations in two cases, Duval County Circuit Court Case Nos. 2010-CF-001903 and 2010-CF-005055. In Case No. 2010-CF-001903, Watts was convicted of one count of grand theft (Count 1) (ECF No. 5-1 at 13–17 (judgment)). The court adjudicated Watts a habitual felony offender and sentenced her to 10 years in prison with jail credit of 8 months and 150 days, to run concurrently with Watts' sentence in Case No. 2010-CF-001456 (*id.*). In Case No. 2010-CF-005055, Watts was convicted of one count of grand theft (Count 1) and one count of giving false information to law enforcement during an investigation (Count 2) (*id.* at 19–24 (judgment)). The court adjudicated Watts a habitual felony offender and sentenced her to 10 years in prison with jail credit of 8 months and 150 days on Count 1, to run concurrently with Watts' sentence in Case No. 2010-CF-001456 (*id.*). On Count 2, the court essentially sentenced Watts to time served (i.e., one year in jail with one year of jail credit, to run concurrently with the sentence on Count 1) (*id.*).

On November 10, 2011, Watts was convicted of misdemeanor contempt of court in Duval County Circuit Court, Case No. 2011-CF-009095 (*see* attached judgment rendered November 10, 2011).  The court sentenced Watts to 5 months in jail, to run consecutive to any sentence she was actively serving (*id.*).  On January 26, 2012, Watts was convicted of grand theft in the same case (Count 1), Case No. 2011-CF-009095 (*see* ECF No. 5-1 at 26–30; *see also* attached judgment rendered January 26, 2012).  The state court adjudicated Watts a habitual felony offender as to Count 1 and sentenced her to 10 years in prison with 168 days of jail credit, to run concurrently with the ten-year sentences in Case Nos. 2010-CF-001456, 2010-CF-001903, and 2010-CF-005505, and consecutively to the 5-month jail sentence on Count 2 in Case No. 2011-CF-009095 (*id.*).

On January 8, 2020, the FCOR ordered Watts to be released from prison on the tentative release date established by the Florida Department of Corrections (FDOC) and placed on conditional release supervision until expiration of the maximum period for which she was sentenced (ECF No. 5-1 at 36 (FCOR Order of Conditional Release)).  The FCOR issued a Certificate of Conditional Release and Terms and Conditions of Supervision and provided Watts with a copy on February 5, 2020 (*id.* at 38–41 (FCOR Certificate of Conditional Release and Terms and Conditions of Supervision)).  The Certificate notified Watts of the conditions of her

conditional release supervision and informed her that she would be on conditional

release supervision until August 8, 2021, unless the FCOR otherwise released her or

took other action (*id.*).  Condition 2B instructed Watts as follows:

> 2.  You shall secure the permission of your conditional release
>     supervisor before:
>     . . . .
>     B.  You leave the county of your residence or the State.

(*id.* at 39).  Condition 8D instructed Watts as follows

> 8.  You shall:
>     . . . .
>     D.  Promptly and truthfully answer all questions and follow
>     instructions asked or given to you by your conditional release
>     supervisor or the Commission.

(*id.* at 39).  Condition 18 instructed Watts as follows:

> 18.  You shall have a mandatory curfew where you shall be confined
>      to your residence, for one (1) year during the hours from 10:00
>      PM to 6:00 AM, except for work, treatment needs, and religious
>      and educational activities as verified and approved by your
>      conditional release supervisor.

(*id.* at 41).  Watts refused to sign the Certificate of Conditional Release and Terms

and Conditions of Supervision, as witnessed by an FDOC staff member (*id.* at 38–

41).

Watts was released from the FDOC and transported to the Duval County Jail,

where she began her conditional release supervision on February 11, 2020 (*see* ECF

No. 1 at 6 (Watts' § 2254 petition)[2]; ECF No. 10 at 3, 5–7 (Watts' reply); ECF No. 5-1 at 38 (Certificate of Conditional Release)).  According to Watts, she spent her first 5 months of supervision in the Duval County Jail while serving her 5-month jail sentence on the contempt conviction in Case No. 2011-CF-009095 (*see* ECF No. 1 at 6 (Watt's § 2254 petition); ECF No. 10 at 7 (Watts' reply)).[3]  Watts was also still serving her 10-year sentence on the grand theft conviction in Case No. 2011-CF-009095, imposed on January 26, 2012, and set to expire in August 2021.

On November 19, 2020, the FCOR issued a warrant for Watts' arrest for violating the conditions of her conditional release, specifically, Conditions 2B, 8D, and 18 (ECF No. 5-1 at 43–44 (Warrant for Retaking Conditional Releasee), 45–48 (Violation Report)).  Watts was arrested on December 2, 2020, and detained at the Orange County Jail (*see* ECF No. 5-1 at 50–53 (FCOR Revocations Cover Memorandum)).  On December 8, 2020, an FCOR investigator interviewed Watts at the Orange County Jail and provided Watts written notice of the violations and her rights with respect to a hearing, the presentation of evidence, and the possible appointment of counsel (ECF No. 5-1 at 57 (FCOR Notice of Rights)).  Watts

---

[2] The court refers to the page numbers automatically assigned by the court's electronic filing system.

[3] As discussed *supra*, the contempt sentence was imposed on November 10, 2011, and ordered to run consecutive to the sentences Watts was then serving in Case No. 2010-CF-001456 (the VOP sentence), Case No. 2010-CF-001903, and Case No. 2010-CF-005055.

verbally waived her right to a revocation hearing (ECF No. 5-1 at 57 (FCOR Notice of Rights), 58 (FCOR Waiver of Conditional Release Violation Hearing)).[4]

On March 3, 2021, the FCOR revoked Watts' conditional release, effective December 2, 2020, for violating the three conditions identified in the violation report (ECF No. 5-1 at 61 (FCOR Revocation of Conditional Release Order)). The FCOR ordered Watts returned to the FDOC until expiration of her sentence (*id.*). The FCOR considered awarding Watts credit for time served on conditional release, from February 11, 2020 to December 2, 2020, but denied the credit (*id.*). Thus Watts was required to serve the 544 days remaining on her sentence, beginning December 2, 2020, with a new sentence expiration date of May 29, 2022 (*see* ECF No. 1 at 7 (Watts' § 2254 petition)).[5] The FCOR mailed Watts a copy of the revocation order on March 4, 2021 (*see* ECF No. 5-1 at 61 (FCOR Revocation of Conditional Release Order)). According to information available on the FDOC's Corrections Offender Network, Watts' current release date, with gain time, is March 20, 2022.

---

[4] At the time of the interview, the FCOR had implemented "no contact" restrictions during the COVID-19 pandemic, providing that interviews conducted in person would include no contact or passing back and forth of papers (*see* ECF No. 5-1 at 52 (FCOR Revocations Cover Memorandum), 58 (FCOR Waiver of Conditional Release Violation Hearing)). Therefore, although Watts verbalized her decision to waive a revocation hearing, her signature was not collected by the interviewer (*id.*).

[5] When Watts was placed on conditional release on February 11, 2020, she had 544 days remaining on the 10-year sentence imposed on January 26, 2012 in Case No. 2011-CF-009095. The expiration date of that sentence was August 8, 2021.

Watts did not challenge her placement on conditional release supervision or the revocation of conditional release supervision in the state courts (*see* ECF No. 1 at 6 (Watts' § 2254 petition); ECF No. 10 at 2 (Watts' reply)).

Watts commenced this federal habeas action on May 1, 2021 (ECF No. 1).

## II.    ISSUES PRESENTED BY THE PARTIES

Watts challenges her placement on conditional release supervision, claiming she did not qualify for conditional release supervision under Florida Statutes §§ 947.1403(1), 947.141 (*see* ECF No. 1 at 5–6). Watts additionally challenges the FCOR's revocation decision, claiming the revocation proceedings violated her constitutional rights and unconstitutionally extended the sentences imposed by the state court (August 8, 2021) (*id.* at 7). Watts seeks immediate release from incarceration (*id.* at 7, 17).

The FCOR asserts several affirmative defenses, including lack of exhaustion and failure to state a cognizable federal claim (ECF No. 5 at 6–15). The FCOR additionally contends Watts' claims are without merit (*id.* at 16–33).

## III.    DISCUSSION

### A.    Exhaustion

The FCOR asserts Watts failed to exhaust her claims in state court, as required by § 2254(b)(1)(A) (ECF No. 5 at 9–12). The FCOR asserts Watts' claims should

have been presented in a petition for writ of mandamus and/or petition for writ of habeas corpus filed in the appropriate state circuit court (*id.*).  The FCOR asserts the state circuit court's disposition of both types of petitions is reviewable in the appropriate state district court of appeal (*id.*).  The FCOR asserts Watts did not pursue any of these state court remedies (*id.*).

Watts asserts § 2254(b)(1)(A) is inapplicable because she is not in custody pursuant to the judgment of a state court; rather, she is in custody pursuant to the FCOR's revocation decision (*see* ECF No. 10 at 2).  Watts further states she exhausted her *administrative* remedies by mailing a complaint to the FCOR on March 12, 2020 (*see* ECF No. 1 at 6).  Watts states she received a response within thirty days, stating that the FCOR's supervision was "within legal boundaries" (*id.*).

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner exhaust available state court remedies, *see* 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  To satisfy the exhaustion requirement, the petitioner must fairly present her claims in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*,

513 U.S. at 365–66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard*, 404 U.S. at 277–78.

Contrary to Watts' argument, a state prisoner challenging the decision of a state parole commission is subject to § 2254 and its attendant restrictions, including the exhaustion requirement. *See Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) (holding that state prisoner was in custody pursuant to his original state conviction and sentence, and thus was "in custody pursuant to the judgment of a State court" within meaning of § 2254 and subject to that statute's exhaustion requirement, even though his current incarceration resulted from an administrative proceeding of state parole board instead of a court); *Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004) (holding that Florida state prisoner's challenge to Florida Parole Commission's decision concerning his parole eligibility, including the setting of his presumptive parole release date, was subject to both 28 U.S.C. § 2241 and 28 U.S.C. § 2254).[6]

In Florida, final actions of the FCOR may be appealed by filing a petition for writ of habeas corpus or mandamus in the Florida circuit courts. *See* Fla. R. App. P. 9.030(c); *see also Richardson v. Fla. Parole Comm'n*, 924 So. 2d 908, 910 (Fla. 1st DCA 2006) ("Review of the [Parole] Commission's orders remains available by

---

[6] The Florida Parole Commission was renamed the Florida Commission on Offender Review in 2014. *See Orcutt v. State*, 310 So. 3d 984, 985 n.1 (Fla. 2d DCA 2020).

petitions for habeas corpus or mandamus filed in the circuit court."). The denial of the writ of habeas corpus or mandamus may then be reviewed by filing a writ of certiorari in the appropriate Florida district court of appeal within thirty days. *See* Fla. R. App. P. 9.030(b)(2), 9.100(c)(1); *see also Richardson*, 924 So. 2d at 910 ("Review of a circuit court's ruling in [reviewing Parole Commission's orders] may be sought by a petition for writ of certiorari in the district court of appeal.").

A petitioner who fails to properly present her federal claims in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Here, Watts does not dispute she did not seek judicial review in state court of the FCOR's decisions placing her on conditional release supervision or the FCOR's decision revoking her supervision. Further, she does not allege cause for her failure to seek judicial review of her claims in the state courts. Therefore, her claims are subject to dismissal for failure to exhaust, pursuant to § 2254(b)(1).

## B.    Merits

Even though Watts failed to exhaust her state remedies, the federal court may deny Watts' claims on the merits. *See* 28 U.S.C. § 2254(b)(2).

### 1.    The FCOR properly subjected Watts to Florida's conditional release program.

Florida's conditional release program is established by Fla. Stat. § 947.1405. That statute provides that any inmate who is sentenced as a habitual offender "*shall*, upon reaching the tentative release date . . . established by the Department of Corrections, be released under supervision subject to specified terms and conditions . . . ." Fla. Stat. § 947.1405(2)(b)–(c) (emphasis added). The statute further provides:

> Such supervision shall be applicable to all sentences within the overall term of sentences if an inmate's overall term of sentences includes one or more sentences that are eligible for conditional release supervision as provided herein.

Fla. Stat. § 947.1405(c). The statute authorizes the FCOR to place a defendant on conditional release supervision regardless of whether it was part of the court-imposed sentence.

Here, Watts' overall term of sentences included one or more habitual offender sentences. The fact that Watts was not sentenced as a habitual offender on one charge in one case (i.e., the contempt charge in Case No. 2011-CF-009095) did not render her ineligible for conditional release, because she was sentenced as a habitual offender on the grand theft charge in that case as well as the charges in her other three cases. Further, Watts provides no legal basis for her argument that the FCOR was precluded from placing her on conditional release supervision while she was

serving her 5-month jail sentence on the contempt charge (*see* ECF No. 1 at 6.). Therefore, this claim is without merit.

Likewise, Watts provides no legal basis for her argument that she was not subject to conditional release supervision because she refused to sign the Certificate of Conditional Release (*see* ECF No. 1 at 5). Watts' consent was not required to place her on conditional release supervision, because her placement was statutorily mandated. *See Div. of Corr., State Parole & Prob. Comm. v. Tamargo*, 329 So. 2d 422–23 (Fla. 2d DCA 1976) (distinguishing between discretionary parole release, where consent was required, and mandatory conditional release supervision, where consent was not required).

Watts also challenges her placement on conditional release on the ground that an FDOC representative did not personally interview her to determine "the details of [her] eligibility" within 180 days of her placement on conditional release, as required by Fla. Stat. § 947.1405(5) (ECF No. 1 at 5).

Florida Statutes § 947.1405(5) provides:

Within 180 days prior to the tentative release date or provisional release date, whichever is earlier, a representative of the department shall review the inmate's program participation, disciplinary record, psychological and medical records, criminal records, and any other information pertinent to the impending release. . . . A department representative shall conduct a personal interview with the inmate for the purpose of determining the details of the inmate's release plan, including the inmate's planned residence and employment. The

department representative shall forward the inmate's release plan to the commission and recommend to the commission the terms and conditions of the conditional release.

Fla. Stat. § 947.1405(5).

The record shows that on October 21, 2019, Classification Specialist J. Mercer interviewed Watts and forwarded Watts' release plan and Mercer's recommendations for special conditions to the FCOR (ECF No. 5-1 at 32–34 (FCOR Conditional Release Interview, FDOC Recommendations for Special Conditions)). This satisfied the requirements of § 947.1405(5).

None of Watts' challenges to her placement on conditional release supervision are meritorious. Therefore, Watts is not entitled to federal habeas relief on any of those claims.

**2.    The FCOR's revocation of Watts' conditional release supervision and ordering her return to the FDOC did not violate the Constitution or Florida law.**

Watts contends the FCOR's order revoking her conditional release supervision and returning her to the FDOC violated the Thirteenth Amendment because the revocation equated to a "sentencing . . . without being duly convicted" (ECF No. 1 at 7). Watts further argues the FCOR extended her sentence beyond August 8, 2021, the expiration date of her court-imposed sentences (*id.*). Watts also contends her constitutional rights to counsel, due process, and a jury trial, as well as

the constitutional privilege against compelled self-incrimination, were violated during the revocation proceedings (*see* ECF No. 10 at 4).

The FCOR contends although Watts couches her claims in terms of the Thirteenth Amendment, her claims are purely state law issues and thus not cognizable on federal habeas review (ECF No. 5 at 12–15).

Florida Statutes § 947.141(4) provides, in relevant part:

> A panel of no fewer than two commissioners shall enter an order determining whether the charge of violation of conditional release . . . supervision has been sustained based upon the findings of fact presented by the hearing commissioner or authorized representative. By such order, *the panel may revoke conditional release . . .* supervision *and thereby return the releasee to prison to serve the sentence imposed*, reinstate the original order granting the release, or enter such other order as it considers proper.

Fla. Stat. § 947.141(4) (emphasis added).

To the extent Watts argues the FCOR's revocation order unconstitutionally interrupted or extended her court-imposed prison sentence(s) (*see* ECF No. 1 at 7; ECF No. 10 at 3–5, 7–8), this argument has been rejected by the Eleventh Circuit and this district court, albeit in unpublished decisions. *See Rodriguez v. Fla. Parole Comm'n*, 430 F. App'x 768–69 (11th Cir. 2011) (holding that reinstating a prison sentence without crediting the inmate with time spent under the release program does not violate federal law, "even if that causes the prisoner's incarceration to extend past the final expiration of the maximum sentences as established at the time of

imposition.") (citing *Sturgis v United States*, 419 F.2d 390 (5th Cir. 1969); *Clark v. Blackwell*, 374 F.2d 952 (5th Cir. 1967))[7]; *Gaines v. Fla. Comm'n on Offender Rev.*, No. 4:14cv588/RH/GRJ, 2018 WL 1521898, at *1 (N.D. Fla. Mar. 28, 2018), *aff'd*. 788 F. App'x 623 (11th Cir. 2019).

> As this district court stated in *Gaines*:
>
> There is nothing inherently unconstitutional about a state conditional-release program of this kind. A state could choose to require a 30-year sentence to be served all at once, with no break, but a state also could choose, as Florida has done, to release a defendant meeting specified criteria early, on the understanding that, if the defendant commits a new offense [or violates the terms and conditions of his release], the defendant will have to serve the rest of the sentence.

*Gaines,* 2018 WL 1521898, at *1.

Upon revocation of Watts' conditional release supervision, the FCOR had jurisdiction and discretion to award Watts, or decline to award her, credit for time she served on conditional release. *See* Fla. Admin. Code r. 23-23.011(4)(m). The FCOR declined to grant Watts this credit, which was within its discretion to do. *See Rivera v. Singletary*, 707 So. 2d 326–27 (Fla. 1998) (holding that the Commission has broad authority under Fla. Stat. §§ 947.1405, 944.291(2), and 947.141, to either grant or deny a releasee credit for time spent on conditional release when that release

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

is revoked due to a violation of the terms and conditions of release); *see also Thomas*

*v. Moore*, 797 So. 2d 1196, 1198 (Fla. 2001) (holding that a prisoner's time spent

out of prison while under supervision will only be credited toward the service of his

prison sentence when the supervisory period is successfully completed).  Further,

upon revocation of Watts' supervision and return to prison, she was deemed to have

forfeited, and the FDOC was statutorily authorized to forfeit, all gain-time earned

up to the date of her release from the FDOC in February 2020.  *See* Fla. Stat.

§§ 947.141(6), 944.28(1).  Therefore, Watts is not entitled to relief on her claim that

the FCOR unconstitutionally "resentenced" her or extended the length of her court-

imposed sentences.

Watts' remaining constitutional arguments are also without merit.  For

starters, Watts has not shown that her "right to remain silent" was violated (*see* ECF

No. 10 at 4).  The Fifth Amendment provides, in relevant part, that no person "shall

be compelled in any criminal case to be a witness against himself."  U.S. Const.

amend. V.  It has long been held that this prohibition not only permits a person to

refuse to testify against himself at a criminal trial in which he is a defendant, but also

"privileges him not to answer official questions put to him in any other proceeding,

civil or criminal, formal or informal, where the answers might incriminate him in

future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).  In all

such proceedings,

> a witness protected by the privilege may rightfully refuse to answer
> unless and until he is protected at least against the use of his compelled
> answers and evidence derived therefrom in any subsequent criminal
> case in which he is a defendant. . . .   Absent such protection, if he is
> nevertheless compelled to answer, his answers are inadmissible against
> him in a later criminal prosecution.

*Lefkowitz*, 414 U.S. at 78.

If the government subjects an individual to a practice that denies him "a 'free

choice to admit, to deny, or to refuse to answer,'" then any statement he makes to

the government is considered compelled.  *McKathan v. United States*, 969 F.3d

1213, 1224 (11th Cir. 2020) (quoting *Garner v. United States*, 424 U.S. 648, 657

(1976); *Lisenba v. California*, 314 U.S. 219, 241 (1941)).  And that statement, along

with any evidence to which it leads, cannot be used in a criminal proceeding.

*Lefkowitz*, 414 U.S. at 78.  Put more simply, when the government denies an

individual a "free choice" to either speak or remain silent, the Fifth Amendment is

considered "self-executing," and an individual need not expressly invoke the right

for his statements to be suppressed in a later criminal proceeding.  *McKathan*, 969

F.3d at 1223 (quoting *Minnesota v. Murphy*, 465 U.S. 420, 434–35 (1984)).

Here, Watts does not allege how, or under what circumstances, her privilege

against self-incrimination was violated.  Assuming Watts is referring to her post-

arrest, pre-revocation interview with an FCOR investigator, it is difficult to see how the interview could "compel" Watts to incriminate herself.  The record shows that Katy Alexander, an FCOR investigator, conducted the pre-revocation interview on December 8, 2020 (*see* ECF No. 5-1 at 56 (FCOR Notice of Hearing on Conditional/Control Release/Addiction Recovery Violation, 57 (Pre-Revocation Interview Notice of Rights), 58 (FCOR Waiver of Conditional Release Violation Hearing)).  Investigator Alexander notified Watts of her rights and determined whether Watts desired a violation hearing, wished to be represented by counsel, intended to deny any of the charges, or desired the FCOR to subpoena any witnesses for the hearing (*see* ECF No. 5-1 at 57 (Pre-Revocation Interview Notice of Rights)).  Watts apparently told the investigator she did not deny the charges and wished to waive a revocation hearing (*see id.*).  Watts does not allege how this interview denied her the free choice to admit or deny the charges, or to refuse to answer the interviewer's limited questions.

Additionally, there is no indication the FCOR considered Watts' answers to any of those questions in making its revocation decision.  The revocation order states the only evidence relied upon in making the revocation decision was the violation report dated November 19, 2020, prepared by Correctional Probation Specialist Devin Laseter (*see* ECF No. 5-1 at 61 (FCOR Revocation of Conditional Release

Order)).  None of Watts' answers to Investigator Alexander's interview questions was included in the violation report (*see id.* at 45–48 (Violation Report)).[8] Therefore, Watts has not shown that her constitutional privilege against compelled self-incrimination was violated.

Watts also has not shown that her "right to legal counsel" was violated (*see* ECF No. 10 at 4).  The Constitution does not require appointment of counsel in proceedings to revoke conditional release where, as here, the time to be served in prison in the event of a violation of conditional release was no longer than the prison time originally imposed by the sentencing court.  *See Gagnon v. Scarpelli*, 411 U.S. 778, 787–88 (1973).  The Supreme Court stated:

> We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel.  We think, rather, that the decision as to the need for counsel must be made on a case by case basis in the exercise of a sound discretion by the State authority charged with the responsibility for administration of the probation and parole system.  Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will be certain cases in which fundamental fairness— the touchstone of due process—will require the State provide at its own expense counsel for indigent probationers or parolees.
> . . . .
> It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process

---

[8] The violation report prepared by Correctional Probation Specialist Devin Laseter included statements by Watts, but those statements were made prior to issuance of the violator warrant and Watts' arrest on that warrant.

requirements.  The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision.  Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.  In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

*Gagnon*, 411 U.S. at 790–91.

Here, the record demonstrates Watts was notified, during her pre-revocation interview with Investigator Alexander, she had the right to be represented by counsel and, under certain circumstances, counsel may be appointed to her if she was indigent (*see* ECF No. 5-1 at 57 (Pre-Revocation Interview Notice of Rights, 58 (FCOR Waiver of Conditional Release Violation Hearing)).  There is no indication Watts expressed a desire to be represented by counsel (*see id.*).  Additionally, Watts did not deny she committed the violations.  Therefore, Watts has not shown she had a constitutional right to counsel in the revocation proceeding.

Finally, Watts' has not shown that her "right to a trail [sic] by jury" and "right to have been duly convicted" were violated.  A revocation hearing does not "equate

. . . to a criminal prosecution in any sense," *Morrissey v. Brewer*, 408 U.S. 471 489

(1972), thus, the full panoply of rights afforded to the criminal defendant are not

afforded to one facing revocation.  In a parole revocation proceeding, the following

minimum requirements of due process must be provided:  (1) written notice of the

claimed violations, (2) disclosure to the releasee of evidence against her, (3) an

opportunity to be heard in person and to present witnesses and documentary

evidence, (4) the right to confront and cross-examine adverse witnesses, (5) a

"neutral and detached" hearing body such as a traditional parole board, members of

which need not be judicial officers or lawyers, and (6) a written statement by the

factfinders as to the evidence relied on and reasons for revoking supervision.  *See*

*Morrissey*, 408 U.S. at 488–89.

Here, the record demonstrates the FCOR complied with the minimum due

process requirements outlined in *Morrissey* (*see* ECF No. 5-1 at 56 (FCOR Notice

of Hearing on Conditional/Control Release/Addiction Recovery Violation, 57 (Pre-

Revocation Interview Notice of Rights), 58 (FCOR Waiver of Conditional Release

Violation Hearing), 61 (FCOR Revocation of Conditional Release Order)).

Moreover, Watts did not have a right to a jury trial in the conditional release

revocation proceedings.  *See, e.g., United States v. Carlton*, 442 F.3d 802, 807 (2d

Cir. 2006) (holding that a parolee did not have a right to a jury trial in a parole

revocation hearing); *United States v. Huerta-Pimental*, 445 F.3d 1220, 125 (9th Cir. 2006) (same).  Therefore, Watts has not shown a constitutional violation with respect to the FCOR's revocation of her conditional release supervision.

## IV.    CONCLUSION

The FCOR properly subjected Watts to conditional release supervision. Additionally, Watts has not shown that the FCOR's revocation of her conditional release supervision and returning her to prison, upon Watts' violating the conditions of her supervision, violated the Constitution or federal law.  Therefore, Watts is not entitled to federal habeas relief.

## V.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336  (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck v. Davis*, 137 S. Ct. 759, 773  (2017) (citing *Miller-El*, 537 U.S. at 327).   The petitioner here cannot make that showing.   Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That the habeas petition (ECF No. 1) be **DENIED**.

2.     That a certificate of appealability be **DENIED**.

3.     That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 11<u>th</u> day of January 2022.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

      Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

ATTACHMENTS

Doc # 2011313781, OR BK 15788 Page 2108 Number Pages 6 Recorded 09/27/2011
08:32 AM, JIM FULLER CLERK CIRCUIT COURT DUVAL COUNTY RECORDING $0.00

Case 4:21-cv-00221-MW-EMT Document 13 Filed 01/12/22 Page 27 of 42

**FILED**

SEP 3 0 2011

*Jim Fuller*

CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE: 16-2010-CF-001456-AXXX-MA

DIVISION: CR-B

STATE OF FLORIDA
vs.
NICOLE WATTS, DEFENDANT

PROBATION OF 8-3-10
SET ASIDE & REVOKED.

☑ Probation Violator
☐ Community Control Violator
☐ Retrial
☐ Resentence

## JUDGMENT

The defendant, **NICOLE WATTS**, being personally before this court, represented

by Pd M Lufrano , the attorney of record, and the state represented by

G. Hill , and having:

☐ been tried and found guilty by jury/by court of the following crime(s)
☑ entered a plea of guilty to the following crime(s)
☐ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offenses Statute Number(s) | Degree of Crime | Case Number | OBTS Number |
|-------|-------|---------------------------|-----------------|-------------|-------------|
| 1 | Grand Theft | 812.014(2)(c) | 3°F | | |
| 2 | Resisting While Committing Theft, Transit Fare Evasion Or Trespass | 812.015(6) | 1°M | | |

☑ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED that the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

☐ and having been convicted or found guilty of, or having entered a plea of nolo contendere or guilty, regardless of adjudication, to any felony offense, as provided in Florida Statute section 943.325, the defendant shall be required to submit two blood specimens or other biological specimens approved by the Department of Law Enforcement.

☐ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

Page 1 of 6

STATE OF FLORIDA
vs.

NICOLE WATTS, DEFENDANT                    CASE: 16-2010-CF-001456-AXXX-MA

☐ Imposition of Sentence     The Court hereby stays and withholds the imposition of sentence as to count(s)
Stayed and Withheld          _____ and places the Defendant on probation/community control for a period
*(Check if Applicable)*      of _____ under the supervision of the Department of Corrections
                             (conditions of probation/community control set forth in a separate order).

## FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
| | | | | |

| 6. Left Thumb | 7. Left Index | 8. Left Middle | 9. Left Ring | 10. Left Little |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by:

Name: _____ #3321        Title: _BAILIFF_____

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the defendant, **NICOLE WATTS**, and that they were placed thereon by the defendant in my presence in open court on this date.

DONE AND ORDERED in open court at Jacksonville, Duval County, Florida, this _30th_ day of
_____Septem_____, 20_11_.

_____
Judge

Page _2_ of _6_




NICOLE WATTS, Case Number: 16-2010-CF-001456-AXXX-MA
OBTS Number: 1603032788

## SENTENCE

(As to Count __1__)

_Pd M Lutrano_    The defendant, being personally before this court, accompanied by the defendant's attorney of record _____ and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown:

☐ and the court having on _____ deferred imposition of sentence until this date.
☐ and the court having previously entered a judgment in this case on _____ now resentences the defendant.
☑ and the court having placed the defendant on probation/~~community control~~ and having subsequently revoked the defendant's probation/~~community control~~.

**It Is The Sentence Of The Court That:**

☐ The defendant pay a fine of $_____ , pursuant to section 775.083, Florida Statutes plus $ _____ at the 5% surcharge required by 938.04, Florida Statutes.
☑ The defendant is hereby committed to the custody of the Department of Corrections.
☐ The defendant is hereby committed to the custody of the Sheriff of Duval County, Florida.
☐ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**To be Imprisoned (Check one; unmarked sections are inapplicable):**

☐ For a term of natural life.
☑ For a term of _10 Years_ .
☐ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence, complete the appropriate paragraph.
☐ Followed by a period of _____ on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of Supervision set forth in a separate order entered herein.
☐ However, after serving a period of _____ imprisonment in _____ , the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of _____ under the supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## OTHER PROVISIONS

**Retention of Jurisdiction**
☐ The court retains jurisdiction over the defendant pursuant to section 947.16(4), Florida Statutes.

**Jail Credit**
☑ It is further ordered that the defendant shall be allowed a total of _150_ days as credit for time incarcerated before imposition of this sentence.   _8 mos_

**Prison Credit**
☐ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**Consecutive/ Concurrent As To Other Counts**
☐ It is further ordered that the sentence imposed for this count shall run (check one) ☐ consecutive to
☐ concurrent with the sentence set forth in count _____ of this case.

 

NICOLE WATTS, Case Number: 16-2010-CF-001456-AXXX-MA
OBTS Number: 1603032788

## SENTENCE

(As to Count 2 )

Pd m Lutrano    The defendant, being personally before this court, accompanied by the defendant's attorney of record _____ and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why sentence should not be sentenced as provided by law, and no cause being shown:

☐ and the court having on _____ deferred imposition of sentence until this date.
☐ and the court having previously entered a judgment in this case on _____ now resentences the defendant.
☑ and the court having placed the defendant on probation/~~community control~~ and having subsequently revoked the defendant's probation/~~community control~~.

**It Is The Sentence Of The Court That:**

☐ The defendant pay a fine of $_____ , pursuant to section 775.083, Florida Statutes plus $ _____ at the 5% surcharge required by 938.04, Florida Statutes.
☐ The defendant is hereby committed to the custody of the Department of Corrections.
☑ The defendant is hereby committed to the custody of the Sheriff of Duval County, Florida.
☐ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**To be Imprisoned (Check one; unmarked sections are inapplicable):**

☐ For a term of natural life.
☑ For a term of 1 Yr .
☐ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence, complete the appropriate paragraph.
☐ Followed by a period of _____ on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of Supervision set forth in a separate order entered herein.
☐ However, after serving a period of _____ imprisonment in _____, the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of _____ under the supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## OTHER PROVISIONS

**Retention of Jurisdiction**
☐ The court retains jurisdiction over the defendant pursuant to section 947.16(4), Florida Statutes.

**Jail Credit**
☑ It is further ordered that the defendant shall be allowed a total of 1 Yr ~~days~~ as credit for time incarcerated before imposition of this sentence.

**Prison Credit**
☐ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**Consecutive/ Concurrent As To Other Counts**
☐ It is further ordered that the sentence imposed for this count shall run (check one) ☐ consecutive to
☐ concurrent with the sentence set forth in count _____ of this case.

NICOLE WATTS

Case Number: 16-2010-CF-001456-AXXX-MA

OBTS # _____

## SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed:

Mandatory/Minimum Provisions:

| | |
|---|---|
| Firearm | ☐ It is further ordered that the _____ minimum imprisonment provisions of section 775.087, Florida Statutes, is hereby imposed for the sentence specified in this count. |
| Drug Trafficking | ☐ It is further ordered that the _____ mandatory minimum imprisonment provisions of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count. |
| Controlled Substance Within 1,000 Feet of School | ☐ It is further ordered that the 3-year minimum imprisonment provisions of section 893.13(1)(c)1, Florida Statutes, is hereby imposed for the sentence specified in this count. |
| Habitual Felony Offender | ☒ The Defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court. |
| Habitual Violent Felony Offender | ☐ The Defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of _____ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court. |
| Violent Career Criminal | ☐ The Defendant is adjudicated a violent career criminal and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(d), Florida Statutes. A minimum term of _____ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court. |
| Prison Releasee Re-Offender | ☐ The Defendant is adjudicated a prison released re-offender in accordance with the provisions of section 775.082(9), and must serve 100 percent of the court imposed sentence. |
| Law Enforcement Protection Act | ☐ It is further ordered that the defendant shall serve a minimum of _____ years before release in accordance with section 775.0823, Florida Statutes. |
| Capital Offense | ☐ It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes. |
| Short-Barreled Rifle, Shotgun, Machine Gun | ☐ It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count. |
| Continuing Criminal Enterprise | ☐ It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count. |
| DUI Provisions | ☐ It is further ordered that the 4 year minimum mandatory sentence pursuant to the provisions of section 316.193(3)(c)3, Florida Statutes, are hereby imposed for the sentence specified in this count. |
| Dangerous Sexual Felony Offender | ☐ The Defendant is adjudicated a dangerous sexual felony offender and has been sentenced to an extended term in accordance with the provisions of section 794.0115, Florida Statutes. A mandatory/minimum term of _____ year(s) must be served. The requisite findings of the court are set forth in a separate order or stated on the record in open court. |

NICOLE WATTS, Case Number: 16-2010-CF-001456-AXXX-MA
OBTS Number: 1603032788

## OTHER PROVISIONS

Consecutive/
Concurrent As To
Other Convictions

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one) ☐ consecutive to ☐ concurrent with the following: (check one)

☐ any active sentence being served.
☐ specific sentences: _____.

In the event the above sentence is to the Department of Corrections, the Sheriff of Duval County, Florida is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing a notice of **appeal within** 30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the State on showing of indigency.

In imposing the above sentence, the court further recommends:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

DONE AND ORDERED in open court at Jacksonville, Duval County, Florida, this _30th_ day of
_____Syptmb____, 20_11_.

_C C I E L_

Judge

Doc # 2011234680 OR BK 15749 Page 1687 Number Pages 4 Recorded 11/14/2011
02:09 PM, JIM FULLER CLERK CIRCUIT COURT DUVAL COUNTY RECORDING $0.00

Case 4:21-cv-00221-MW-EMT Document 13 Filed 01/11/22 Page 33 of 42

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE: 16-2011-CF-009095-AXXX-MA

DIVISION: CR-B

**FILED**

NOV 1 0 2011

CLERK CIRCUIT COURT

☐ Probation Violator
☐ Community Control Violator
☐ Retrial
☐ Resentence

STATE OF FLORIDA
vs.
NICOLE WATTS, DEFENDANT

| JUDGMENT |
|---|

The defendant, **NICOLE WATTS**, being personally before this court, represented

by _Pd M Lufrano_, the attorney of record, and the state represented by

_G. Hill_, and having:

☑ been ~~tried and~~ found guilty ~~by jury~~/by court of the following crime(s)
☐ entered a plea of guilty to the following crime(s)
☐ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offenses Statute Number(s) | Degree of Crime | Case Number | OBTS Number |
|---|---|---|---|---|---|
| | Contempt of Court | 900.04 | 1°M | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

☑ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED that the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

☐ and having been convicted or found guilty of, or having entered a plea of nolo contendere or guilty, regardless of adjudication, to any felony offense, as provided in Florida Statute section 943.325, the defendant shall be required to submit two blood specimens or other biological specimens approved by the Department of Law Enforcement.

☐ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

Page _1_ of _4_

STATE OF FLORIDA ⬤                        ⬤

vs.

NICOLE WATTS, DEFENDANT                CASE: 16-2011-CF-009095-AXXX-MA

☐ Imposition of Sentence        The Court hereby stays and withholds the imposition of sentence as to count(s)
Stayed and Withheld             _____ and places the Defendant on probation/community control for a period
*(Check if Applicable)*         of _____ under the supervision of the Department of Corrections
                                (conditions of probation/community control set forth in a separate order).

## FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
|  |  |  |  |  |
| 6. Left Thumb | 7. Left Index | 8. Left Middle | 9. Left Ring | 10. Left Little |
|  | *REFUSED* |  |  |  |

Fingerprints taken by:

Name: _L Boyette_        Title: _BAILIFF_

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the defendant, **NICOLE WATTS**, and that they were placed thereon by the defendant in my presence in open court on this date.

DONE AND ORDERED in open court at Jacksonville, Duval County, Florida, this _10th_ day of
_Nov_____, 20_11___.

_____
Judge

Page _2_ of _4_

NICOLE  WATTS, Case Number: 16-2011-CF-009095-AXXX-MA
OBTS Number: 1602245203

## SENTENCE

(As to Count ___1___ )

The defendant, being personally before this court, accompanied by the defendant's attorney of record _Pd M. Lutrano_ and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown:

☐ and the court having on _____ deferred imposition of sentence until this date.
☐ and the court having previously entered a judgment in this case on _____ now resentences the defendant.
☐ and the court having placed the defendant on probation/community control and having subsequently revoked the defendant's probation/community control.

**It Is The Sentence Of The Court That:**

☐ The defendant pay a fine of $_____ , pursuant to section 775.083, Florida Statutes plus $ _____ at the 5% surcharge required by 938.04, Florida Statutes.
☐ The defendant is hereby committed to the custody of the Department of Corrections.
☑ The defendant is hereby committed to the custody of the Sheriff of Duval County, Florida.
☐ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**To be Imprisoned (Check one; unmarked sections are inapplicable):**

☐ For a term of natural life.
☑ For a term of _5 mos_ .
☐ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence, complete the appropriate paragraph.
☐ Followed by a period of _____ on probation/community control under the supervision of the Department of Corrections according to the terms and conditions of Supervision set forth in a separate order entered herein.
☐ However, after serving a period of _____ imprisonment in _____ , the balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of _____ under the supervision of the Department of Corrections according to the terms and conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## OTHER PROVISIONS

**Retention of Jurisdiction**     ☐ The court retains jurisdiction over the defendant pursuant to section 947.16(4), Florida Statutes.

**Jail Credit**     ☑ It is further ordered that the defendant shall be allowed a total of _Ø_ days as credit for time incarcerated before imposition of this sentence.

**Prison Credit**     ☐ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**Consecutive/ Concurrent As To Other Counts**     ☐ It is further ordered that the sentence imposed for this count shall run (check one) ☐ consecutive to ☐ concurrent with the sentence set forth in count _____ of this case.

Page _3_ of _4_

NICOLE WATTS, Case Number: 16-2011-CF-006895-AXXX-MA
OBTS Number: 1602245203

## OTHER PROVISIONS

Consecutive/
Concurrent As To
Other Convictions

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run (check one) ☒ consecutive to ☐ concurrent with the following: (check one)

☑ any active sentence being served.
☐ specific sentences: _____

In the event the above sentence is to the Department of Corrections, the Sheriff of Duval County, Florida is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing a notice of **appeal within** 30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the State on showing of indigency.

In imposing the above sentence, the court further recommends:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

DONE AND ORDERED in open court at Jacksonville, Duval County, Florida, this 10th day of Nov , 2011 .

_____
Judge

Page 4 of 4

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE: 16-2011-CF-009095-AXXX-MA

DIVISION: CR-D

**FILED**

JAN 26 2012

CLERK CIRCUIT COURT

STATE OF FLORIDA
vs.

NICOLE WATTS, DEFENDANT

☐ Probation Violator
☐ Community Control Violator
☐ Retrial
☐ Resentence

## JUDGMENT

The defendant, **NICOLE WATTS**, being personally before this court, represented

by _M. LUFRANO, P.D._, the attorney of record, and the state being represented

by _G. HILL_, and having:

☐ been tried and found guilty by jury/by court of the following crime(s)
☑ entered a plea of guilty to the following crime(s)
☐ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offenses Statute Number(s) | Degree Of Crime | Case Number | OBTS Number |
|-------|-------|---------------------------|-----------------|-------------|-------------|
| 1 | Grand Theft | 812.014(2)(c) | 3°F | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

☑ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED that
the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

☐ and having been convicted or found guilty of, or having entered a plea of nolo contendere or guilty,
regardless of adjudication, to any felony offense, as provided in Florida Statute section 943.325, the
defendant shall be required to submit two blood specimens or other biological specimens approved by the
Department of Law Enforcement.

☐ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

Page _1_ of _6_

STATE OF FLORIDA

vs.

NICOLE WATTS, DEFENDANT

Case Number: 16-2011-CF-009095-AXXX-MA

☐ Imposition of Sentence

**Stayed and Withheld**
*(Check if Applicable)*

The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant on probation/community control for a period of _____

under the supervision of the Department of Corrections (conditions of                probation/community control set
forth in a separate order).

## FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
| | | | | |

| 6. Left Thumb | 7. Left Index | 8. Left Middle | 9. Left Ring | 10. Left Little |
|---|---|---|---|---|
| | | | | |

Fingerprints taken by:

Name: _R. Nelson 6475_    Title: _Bailiff_

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the defendant, **NICOLE WATTS**, and that they were placed thereon by the defendant in my presence in open court on this date.

DONE AND ORDERED in open court in Jacksonville, Duval County, Florida, this _26_ day of

_Jan_ , 20 _12_ .

_____
Judge

Page _2_ of _6_

STATE OF FLORIDA
vs.

NICOLE WATTS
DEFENDANT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE: 16-2011-CF-009095-AXXX-MA
DIVISION: CR-B (Circuit)

## COURT ORDERED COSTS/FINES/FEES

The defendant is hereby ordered to pay the following sums if checked:

- [x] $50.00 pursuant to section 938.03, Florida Statutes, (Crimes Compensation Trust Fund).
- [x] $3.00 as a court cost pursuant to section 938.01, Florida Statutes, (Court Cost Clearing Trust Fund).
- [ ] $2.00 as a court cost pursuant to section 938.15, Florida Statutes, (Criminal Justice Education by Municipalities and Counties).
- [ ] A fine in the sum of $_____ pursuant to section 775.0835, Florida Statutes, (This provision refers to the optional fine for the Crimes Compensation Trust Fund and is not applicable unless checked and completed. Fines imposed as a part of a sentence to section 775.083, Florida Statutes are to be recorded on the sentence page(s)).
- [x] A sum of $100.00 pursuant to section 938.27, Florida Statutes, (Sheriff's Office Investigative Cost).
- [ ] A sum of $_____ pursuant to section 938.10, Florida Statutes, (Crimes Against Minors).
- [x] A sum of $100.00 pursuant to section 938.27, Florida Statutes, (Prosecution Investigative Costs).
- [x] A sum of $180 pursuant to section 938.29, Florida Statutes, (Public Defender/RCC Fees).
- [ ] $15.00 pursuant to 938.13, Florida Statutes, Misd. convictions involving drugs or alcohol.
- [x] $225.00 pursuant to section 938.05, Florida Statutes, (Local Government Criminal Justice Trust Fund).
- [ ] A sum of $_____ pursuant to 938.04, Florida Statutes, (additional cost 5% of fine).
- [ ] $135.00 pursuant to section 938.07, Florida Statutes, (EMS - DUI cases).
- [ ] $100.00 pursuant to section 938.25, Florida Statutes, (FDLE Operating Trust Fund).
- [ ] A sum of $_____ pursuant to 938.23, Florida Statutes, (Grants For Alcohol & Other Drug Abuse Program - Drug Abuse Trust Fund).
- [ ] A sum of $3.00 pursuant to section 318.18(17), Florida Statutes, (State Radio System (SRS)).
- [ ] Restitution in accordance with attached order.
- [x] A sum of $20 pursuant to 938.06, Florida Statutes, (Assessment of Additional Court Costs for Crime Stoppers Trust Fund - not to exceed $500.00.
- [x] A sum of $3.00 pursuant to 938.19, Florida Statutes, (Assessment of Additional Court Costs - Duval County Teen Court Trust Fund).
- [ ] A sum of $201.00 (Domestic Battery Surcharge).
- [ ] A sum of $151.00 pursuant to 938.08, Florida Statutes, (Rape Crisis Trust Fund).
- [x] A sum of $65 pursuant to 938.185, Florida Statutes, (Assessment of Additional Court Costs to be used for innovations, legal aid, law library, teen court programs - not to exceed $65.00).
- [ ] $ _____ pursuant to 775.083(2) Florida Statutes, (Fine).
- [ ] Other _____.

DONE AND ORDERED in open court in Jacksonville, Duval County, Florida, this 26th day of
_____ Jan _____ , 20 12.

_____
Judge

NICOLE WATTS                    Case Number: 16-2011-CF-009095-AXXX-MA
                               OBTS # _____

## SENTENCE

(As to Count __1__)

The defendant, being personally before this court, accompanied by the defendant's attorney of record
M. LUFRANO, P.D._____ and having been adjudicated guilty herein, and the court having given the
defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant
should not be sentenced as provided by law, and no cause being shown:

☑ and the court having on _____**December 12, 2011**_____ deferred imposition until this date.
☐ and the court having previously entered a judgment in this case on _____ now resentences
the defendant.
☐ and the court having placed the defendant on probation/community control revoked the defendant's
probation/community control.

**It Is The Sentence Of The Court That:**

☐ The defendant pay a fine of $_____ pursuant to section 775.083, Florida Statutes plus $_____ at the 5%
surcharge required by 938.04, Florida Statutes.
☑ The defendant is hereby committed to the custody of the Department of Corrections.
☐ The defendant is hereby committed to the custody of the Sheriff of Duval County, Florida.
☐ The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

**To be Imprisoned (Check one; unmarked sections are inapplicable):**

☐ For a term of natural life.
☑ For a term of 10 years _____.
☐ Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

If "split" sentence, complete the appropriate paragraph.
☐ Followed by a period of _____ on probation/community control under the supervision of the Department
of Corrections according to the terms and conditions of Supervision set forth in a separate order entered herein.
☐ However, after serving a period of _____ imprisonment in _____, the balance
of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period
of _____ under supervision of the Department of Corrections according to the terms and conditions of
probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before
the defendant begins service of the supervision terms.

## OTHER PROVISIONS

**Retention of Jurisdiction**
☐ The court retains jurisdiction over the defendant pursuant to section 947.16(4), Florida Statutes.

**Jail Credit**
☑ It is further ordered that the defendant shall be allowed a total of __168__ days as credit for time
incarcerated before imposition of this sentence.

**Prison Credit**
☐ It is further ordered that the defendant be allowed credit for all other time served previously on the
prior sentence on this count, including time previously served on this count in the Department of
Corrections prior to resentencing, and prior jail credit. The Department of Corrections shall compute
and apply the prior credit in accordance with section 921.0017, Florida Statutes

**Consecutive/ Concurrent As To Other Counts**
☑ It is further ordered that the sentence imposed for this count shall run (check one) ☑ consecutive to
☐ concurrent with the sentence set forth in count __2__ of this case.

Page __4__ of __6__

NICOLE WATTS                              Case Number: 16-2011-CF-009095-AXXX-MA

                                         OBTS # _____

## SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed:

Mandatory/Minimum Provisions:

| | |
|---|---|
| Firearm | ☐ It is further ordered that the _____ minimum imprisonment provisions of section 775.087, Florida Statutes, is hereby imposed for the sentence specified in this count. |
| Drug Trafficking | ☐ It is further ordered that the _____ mandatory minimum imprisonment provisions of section 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count. |
| Controlled Substance Within 1,000 Feet of School | ☐ It is further ordered that the 3-year minimum imprisonment provisions of section 893.13(1)(c)1, Florida Statutes, is hereby imposed for the sentence specified in this count. |
| Habitual Felony Offender | ☑ The Defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statutes. The requisite findings by the court are set forth in a separate order or stated on the record in open court. |
| Habitual Violent Felony Offender | ☐ The Defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statutes. A minimum term of _____ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court. |
| Violent Career Criminal | ☐ The Defendant is adjudicated a violent career criminal and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(d), Florida Statutes. A minimum term of _____ year(s) must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court. |
| Prison Releasee Re-Offender | ☐ The Defendant is adjudicated a prison released re-offender in accordance with the provisions of section 775.082(9), and must serve 100 percent of the court imposed sentence. |
| Law Enforcement Protection Act | ☐ It is further ordered that the defendant shall serve a minimum of _____ years before release in accordance with section 775.0823, Florida Statutes. |
| Capital Offense | ☐ It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statutes. |
| Short-Barreled Rifle, Shotgun, Machine Gun | ☐ It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count. |
| Continuing Criminal Enterprise | ☐ It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count. |
| DUI Provisions | ☐ It is further ordered that the 4 year minimum mandatory sentence pursuant to the provisions of section 316.193(3)(c)3, Florida Statutes, are hereby imposed for the sentence specified in this count. |
| Dangerous Sexual Felony Offender | ☐ The Defendant is adjudicated a dangerous sexual felony offender and has been sentenced to an extended term in accordance with the provisions of section 794.0115, Florida Statutes. A mandatory/minimum term of _____ year(s) must be served. The requisite findings of the court are set forth in a separate order or stated on the record in open court. |

Page 5 of 6

NICOLE WATTS                          Case Number: 16-2011-CF-009095-AXXX-MA
                                      OBTS # _____

| OTHER PROVISIONS |
|---|

Consecutive/          It is further ordered that the composite term of all sentences imposed for the counts
Concurrent As To      specified in this order shall run (check one) ☐ consecutive to ☑ concurrent with the
Other Convictions     following: (check one)

                      ☐ any active sentence being served.
                      ☑ specific sentences: 16·2010·CF·5055·A
                                            16·2010·CF·1903·A
                                            16·2010·CF·1456·A

        In the event the above sentence is to the Department of Corrections, the Sheriff of Duval County, Florida, is hereby
ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the
department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

        The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within
30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal
at the expense of the State on showing of indigency.

        In imposing the above sentence, the court further recommends:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

        DONE AND ORDERED in open court in Jacksonville, Duval County, Florida, this 26th day of
____Jany____, 2012.

                                              _____
                                              Judge

Page 6 of 6